UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PRIDE ACQUISITIONS, LLC,   : | CIVIL ACTION NO. |
|     Plaintiff,   : | 3:12-CV-639 (JCH) |
|        : | |
| v.   : | |
|        : | |
| ABEL OSAGIE,   : | |
|     Defendant, Third-Party Plaintiff,   : | |
|        : | |
| v.   : | |
|        : | |
| JPMORGAN CHASE BANK, N.A.,   : | |
|     Third-Party Defendant.   : | OCTOBER 27, 2014 |
|        : | |

**RULING RE: THIRD-PARTY DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION FOR RECONSIDERATION (Doc. No. 70)**

Third-party defendant JPMorgan Chase Bank, N.A. ("JPMC") moves the court to reconsider its Ruling of September 29, 2014 (Doc. No. 69) entitled "Ruling re: Motions for Summary Judgment (Doc. Nos. 51, 55-1, 62)" ("Ruling"). See Third-Party Defendant JPMorgan Chase Bank, N.A.'s Motion for Reconsideration ("Motion") (Doc. No. 70). The court denies the Motion.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000). Reconsideration may also be justified by "the need to

correct clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

One of JPMC's contentions is that the court inappropriately granted summary judgment as to liability to third-party plaintiff Abel Osagie on one of the five counts of the First Amended Third Party Complaint ("Complaint") (Doc. No. 1 at 71–90) because Osagie did not give precise enough arguments or citations to evidence to establish that an executory contract existed at the time of the breach that Osagie alleged and which, as the Ruling established, occurred. See Memorandum of Law in Support of Third-Party Defendant JPMorgan Chase Bank, N.A.'s Motion for Reconsideration ("Mem.") (Doc. No. 71) at 4–6; Fed. R. Civ. P. 56. This contention lacks support in fact or law and, a fortiori, fails to meet the standard for reconsideration.

JPMC especially emphasizes that Osagie did not submit a copy of the credit agreement with his filings. See Mem. at 6. This contention is factually incorrect. Osagie did submit, and the court cited in its Ruling, both the original loan agreement and the modification agreement. See Open-End Mortgage Agreement (Doc. No. 53 at 36–38; Doc. No. 53-1 at 1–3; Modification Agreement (Doc. No. 53 at 33–35).

Moreover, counsel is advised that counsel who live in glass houses ought not to throw stones at pro se litigants. As specifically noted in the Ruling, the court was forced to rely upon Osagie's submissions of his copies of the loan documents even when evaluating JPMC's Motion for Summary Judgment (Doc. No. 55-1) because "JPMC did not submit as an exhibit a copy of the [loan agreement]." Ruling at 11. JPMC's failure to submit this document was notable because, in opposition to Osagie's Motion for Summary Judgment (Docs. No. 51, 62) and in support of its own Motion, JPMC made

arguments by reference to specific terms in the document. In what now appears to reflect a pattern of less-than-careful lawyering, JPMC also based one of its arguments about the language of the contract on wording that was nowhere to be found. See Ruling at 10–11.

Compounding its error at this stage, JPMC baldly misstates the law when it says that, when a court considers a motion for summary judgment by a pro se litigant, the court is limited to considering arguments specifically advanced and evidence specifically provided in the motion. This contention is directly contrary to principles of treatment of pro se filings, see Richardson v. United States, 193 F.3d 545, 548–49 (D.C. Cir. 1999), and the rules respecting summary judgment, see Rule 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). The ultimate question is whether it is appropriate to proceed to trial, or whether a jury could only find for one party, in light of the record evidence and the evidence which the record reflects would be admissible at trial. See Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) ("Summary judgment is designed to pierce the pleadings to flush out those cases that are predestined to result in a directed verdict.").

JPMC's other argument is that the court "improvidently made" its Ruling because it gave inadequately specific citations in support of its conclusion that a contract existed at the time that JPMC refused to provide money through Osagie's line of credit. See Mem. at 3–4. Although the court may not have cited at length to the specific relevant facts at the page that JPMC cites in its Memorandum, the rest of the Ruling cited to dozens of exhibits elsewhere, especially in the Facts section (including, by reference, the various evidence cited in the L.R. 56(a) Statements). See Ruling at 2–4.

The specific citation to JPMC's Local Rule 56(a)(1) Statement (Doc. No. 57-1) appeared particularly relevant to the court as a concise indicator of the existence of a contract because this attorney argument (unsupported by any citations to the record, in a manner representative of JPMC's submissions as a whole, see Ruling at 1 n.1) appeared to indicate that a contract did exist and that JPMC would not have refused to provide the funds that Osagie sought to have released from the account had JPMC not unilaterlaly determined that it was appropriate to stop performing (by placing a 'block' on the account).  Although it is inappropriate to grant summary judgment where the facts do not support it, a court may consider, and bind a party to, its attorney's representations just as much as it may consider other evidence in determining whether it is appropriate to grant a motion.  See United States v. Margiotta, 662 F.2d 131, 142 (2d Cir. 1981) ("Statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.").  Here, it appeared to the court here that JPMC conceded the point (with the particular paragraph of JPMC's Local Rule 56(a)(1) Statement cited by JPMC being representative of, although by no means consistuting the whole of, relevant indicia in the record).

However, irrespective of whether JPMC conceded in attorney argument that, but for the supposed prior breach by Osagie, JPMC itself was the party in breach, more than sufficient factual support in the rest of the record supported the court's conclusion.  In light of the record evidence cited in the Ruling, including the underlying legal agreements and other evidence—none of which the attorney arguments presented by JPMC contradicted—the court concluded that the record established indisputably that an executory contract between Osagie and JPMC existed at the time that JPMC refused

4

to provide funds for Osagie.  Even now JPMC does not—and, it appears to the court, cannot, consistent with Rule 11(b)—dispute that, but for this one argument about Osagie's prior breach, JPMC was required to provide the money requested by Osagie.

"[A]rgu[ing], not that substantive error was committed, but that the district court failed to write a sufficiently elaborate essay," is not a sufficient basis upon which to seek reversal of a grant of summary judgment, <u>Jackson v. Fed. Express</u>, 766 F.3d 189 (2d Cir. 2014), let alone a basis on which to meet the stricter standard according to which a court reconsiders such a grant.  The court disfavors the submission of motions to reconsider that do not even plausibly meet the applicable standard.

The Motion is **DENIED**.

**SO ORDERED**.

Dated at New Haven, Connecticut this 27th day of October 2014.

                /s/ Janet C. Hall
                Janet C. Hall
                United States District Judge